15-166-cv
Falso v. Town of Dansville Police Dep't

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of September, two thousand fifteen.

PRESENT:  JOHN M. WALKER, JR.,
                    ROBERT D. SACK,
                    REENA RAGGI,
                              *Circuit Judges.*

_____

ANTHONY FALSO,

                              *Plaintiff-Appellant*,

            v.                                                                          No. 15-166-cv

TOWN OF DANSVILLE POLICE DEP'T, POLICE CHIEF CHARLES PERKINS, OFFICER SHANNON GRIESE, OFFICER SCOTT BINGHAM, SGT. CLEVELAND,

                              *Defendants-Appellees.*[1]

_____


FOR APPELLANT:                                        ANTHONY FALSO, pro se,
                                                                     Rochester, New York.

---

[1] The Clerk of Court is directed to amend the official caption as shown above.

FOR DEFENDANTS-APPELLEES:    JEREMY J. HOURIHAN, Barclay
Damon, LLP, Elmira, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (David G. Larimer, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court dated January 6, 2015, is AFFIRMED.

<u>Pro se</u> appellant Anthony Falso, who sued the Dansville Police Department and certain of its officers for alleged common law negligence and civil rights violations pursuant to 42 U.S.C. § 1983 resulting from their failure to investigate his report of illegal activity, now appeals from the dismissal of his complaint as barred by the relevant statutes of limitations. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we discuss only as necessary to explain our decision to affirm.

We review <u>de novo</u> a district court's dismissal of a complaint pursuant to Fed. R. Civ. P. 12(b)(6), construing the complaint liberally and drawing all reasonable inferences in the plaintiff's favor. <u>See</u> <u>Chambers v. Time Warner, Inc.</u>, 282 F.3d 147, 152 (2d Cir. 2002). The complaint must plead "enough facts to state a claim to relief that is plausible on its face," <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007), and "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,"

2

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." Id.

Upon review, we conclude that the district court correctly ruled that Falso's claims were barred by the relevant three-year statutes of limitations, as they accrued no later than February 2009, more than four years before Falso filed his federal complaint in September 2013. In arguing otherwise, Falso faults the district court for disregarding his theory that the failure to investigate was a continuing tort under New York law. The continuing tort doctrine speaks to when a cause of action accrues, and "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." Wallace v. Kato, 549 U.S. 384, 388 (2007) (emphasis omitted). Although the doctrine can apply to certain § 1983 claims, see Gonzalez v. Hasty, No. 13-2844, 2015 WL 5155150, at *9 (2d Cir. Sept. 3, 2015) (recognizing doctrine has been applied to § 1983 claims and applying it to Eighth Amendment Bivens claim), we need not address whether it extends to § 1983 claims for failure to investigate. Even under that doctrine, Falso's claims would have accrued no later than the date defendants told him that they would not investigate his claims, which date fell well outside the three-year statute of limitations. See Mix v. Del. & Hudson Ry. Co., 345 F.3d 82, 88 (2d Cir. 2003) ("[T]he continuing tort doctrine . . . provides that, in certain tort cases involving continuous or repeated injuries, the statute of limitations accrues upon the date of the last injury and that the plaintiff may recover for the entire period of the [defendant's] negligence, provided that an act contributing to the claim

3

occurs within the filing period." (emphasis added)).  Accordingly, we affirm largely for the reasons stated in the district court's order.

We have considered all of Falso's remaining arguments and find them to be without merit.  Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court